UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PAYCHEX BUSINESS
SOLUTIONS, LLC, ET AL.,

        Plaintiffs,

v.                                            Case No. 8:15-cv-1455-T-24 TGW

UNITED STATES OF AMERICA,

        Defendant.
_____/

**ORDER**

This cause comes before the Court on Defendant's Motion for Reconsideration. (Doc. No. 69). Specifically, Defendant moves the Court to reconsider its June 22, 2017 order denying Defendant's motion to dismiss or for summary judgment and granting Plaintiffs' motion for partial summary judgment. (Doc. No. 48). Plaintiffs oppose the motion (Doc. No. 72), and Defendant has filed a reply brief (Doc. No. 75). As explained below, the motion is denied.

**I. Background**

This is a tax refund case for overpayments made by Plaintiffs during several quarters of 2009–2012. Plaintiffs seek a refund of the overpayment of the employer portion of the FICA taxes they paid during that time; more specifically, the employer's portion of the Social Security tax. The FICA taxes at issue were paid to the IRS by Plaintiffs and relate to wages earned by Plaintiffs' clients' worksite employees. The obligation on Plaintiffs to pay the FICA taxes arose from agreements between Plaintiffs and their clients, wherein Plaintiffs agreed to handle payroll for their clients. Plaintiffs specifically assumed responsibility for the payment of wages to the worksite employees without regard to whether the client companies first paid such amounts to

Plaintiffs. Additionally, Plaintiffs assumed full responsibility for the reporting, collection, and payment of payroll taxes to the IRS.

The parties do not dispute that overpayments were made by Plaintiffs totaling over $4 million due to Plaintiffs' miscalculation of the amount of Social Security taxes owed. However, Defendant disputes that Plaintiffs have standing to seek a refund for the overpayments.

Defendant moved to dismiss or for summary judgment, arguing that Plaintiffs *voluntarily* paid over $4 million towards the employer's portion of the Social Security taxes at issue and that Plaintiffs lack standing to sue for a refund. Plaintiffs responded and moved for partial summary judgment, arguing that they were the statutory employers of the worksite employees, as defined under 26 U.S.C. § 3401(d)(1), because they had control over the payment of wages to the worksite employees.

The Court agreed with Plaintiffs in its June 22, 2017 order and found that Plaintiffs had standing to sue for the refunds at issue. (Doc. No. 48). The Court found that Plaintiffs had control over the payment of wages to the worksite employees, and thus were the statutory employers under § 3401(d)(1), based on the recent case law and the following pertinent facts: (1) Plaintiffs specifically assumed responsibility for the payment of wages to the worksite employees without regard to whether the client companies first paid such amounts to Plaintiffs; (2) Plaintiffs assumed full responsibility for the reporting, collection, and payment of payroll taxes to the IRS; (3) Plaintiffs initiated wage payments to the worksite employees on the same date that Plaintiffs initiated a debit to the client companies' bank accounts for the wages and taxes, so wage payments were initiated (and could not be reversed) prior to Plaintiffs receiving the clients' funds; (4) Plaintiffs used their own bank accounts to make the wage payments to the worksite

employees, as well as to pay the payroll taxes to the IRS; the client companies had no authority over, or access to, these bank accounts; and (5) Plaintiffs reported their payments of the employer portion of the Social Security tax on Forms 941 using their own names, addresses, and employer identification numbers.

In the instant motion, Defendant moves this Court to reconsider its June 22, 2017. The Court, however, finds that reconsideration is not warranted and denies Defendant's motion.

## II.  Standard of Review

There are three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or to prevent manifest injustice.  Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994)(citations omitted).  The Court notes that reconsideration of a previous order is an extraordinary remedy to be employed sparingly.  See id. (citations omitted).

## III.  Motion for Reconsideration

Defendant argues that its motion is based on the need to correct clear error or to prevent manifest injustice.  Upon review of Defendant's motion, the Court finds that it should be denied, as Defendant has not shown that there is a need to correct clear error or to prevent manifest injustice.  Instead, Defendant is merely attempting to refute the basis for the Court's earlier decision, mostly making the same arguments that were previously considered and rejected by this Court.  See Allaben v. Howanitz, 579 Fed. Appx. 716, 719 (11th Cir. 2014)(stating that a motion for reconsideration should not be used to simply rehash arguments that were previously made).

Defendant also raises a new argument in a footnote in its motion.  (Doc. No. 69, p. 7, n.6).  However, this argument should have been raised in the original motion, and a motion for

reconsideration is not an appropriate vehicle for raising arguments that could have been raised earlier. See Lamar Advertising of Mobile, Inc. v. City of Lakeland, 189 F.R.D. 480, 490 (M.D. Fla. 1999); see also Johnson v. U.S., 1999 WL 691871, at *1 (N.D. Ga. July 14, 1999)(stating that "it is not appropriate to raise new arguments in a motion for reconsideration that could have been raised when the matter was initially before the court"). As such, the Court finds that reconsideration is not warranted.[1]

---

[1] It is interesting to note that the internal revenue code has appeared to have changed in response to these type of arrangements. Specifically, 26 U.S.C. § 3511 was enacted (effective December 19, 2014) to provide that certified professional employer organizations ("CPEOs") would be treated as the employer of worksite employees performing services for a customer of the CPEO with respect to employment taxes when the relationship is governed by a contract that meets the requirements of 26 U.S.C. § 7705(e)(2), as well as other requirements. Section 7705(e)(2) states that the service contract must be in writing an must provide that the CPEO will do the following:

> **(A)** assume responsibility for payment of wages to such individual, without regard to the receipt or adequacy of payment from the customer for such services,
>
> **(B)** assume responsibility for reporting, withholding, and paying any applicable taxes under subtitle C, with respect to such individual's wages, without regard to the receipt or adequacy of payment from the customer for such services,
>
> **(C)** assume responsibility for any employee benefits which the service contract may require the certified professional employer organization to provide, without regard to the receipt or adequacy of payment from the customer for such benefits,
>
> **(D)** assume responsibility for recruiting, hiring, and firing workers in addition to the customer's responsibility for recruiting, hiring, and firing workers,
>
> **(E)** maintain employee records relating to such individual, and
>
> **(F)** agree to be treated as a certified professional employer organization for purposes of section 3511 with respect to such individual.

26 U.S.C. § 7705(e)(2).

**IV. Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that:

(1)  Defendant's Motion for Reconsideration (Doc. No. 69) is **DENIED**.

(3)  The Court will hold a status conference on April 17, 2018 at 9:30 a.m. to address any issues remaining in this case, as Plaintiffs have asserted that they "do not believe trial in this case will be necessary and that the Court's ruling on the Motion for Reconsideration will resolve this case."  (Doc. No. 70, p. 2).

**DONE AND ORDERED** at Tampa, Florida, this 3rd day of April, 2018.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record

5